UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
MARK ROBERTSON,

                Plaintiff,                   **VERIFIED COMPLAINT**

        -against-

                                         **JURY TRIAL DEMANDED**

RICHARD TRUESDELL CONTRACTING, and
RICHARD TRUESDELL,

                Defendants.
-------------------------------------------------------------------X

        Plaintiff Mark Robertson ("Mr. Robertson" or "Plaintiff"), by and through his attorneys, respectfully alleges the following against Richard Truesdell Contracting ("RTC") and Richard Truesdell ("Mr. Truesdell") (collectively, "Defendants"):

### PRELIMINARY STATEMENT

        1.     In July 2013, Mr. Robertson began working for Defendants as a manual laborer and construction worker. Despite working approximately 54 hours per week, Plaintiff was not paid wages for all hours worked and was not paid overtime compensation for all hours worked in excess of 40 in a work week. Plaintiff brings this action to recover unpaid wages and unpaid overtime wages owed to him pursuant to the Fair Labor Standards Act ("FLSA") (29 U.S.C. § 201, *et seq.*), New York Labor Law ("NYLL") (Article 6 §§ 190, *et seq.* and Article19 §§ 650, *et seq.*) and supporting regulations. Plaintiff also brings this action pursuant to NYLL § 195 to recover damages for Defendants' failure to provide wage notices and accurate earning statements with every payment of wages. Finally, because Defendants terminated Plaintiff's employment because Plaintiff complained about Defendants' failure to properly compensate him in accordance with applicable law, Defendants violated the anti-retaliation provisions of the FLSA and NYLL.

1

## JURISDICTION AND VENUE

2. This Court has original jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. §§ 1331 because the case involves a federal question. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 because those claims are so related to the federal claims that they form a part of the same case or controversy between Plaintiff and Defendants.

3. Venue is proper in this case pursuant to 28 U.S.C. § 1391 because: (1) the Defendants are located in Orleans County, New York, which is located in the Western District of New York, and (2) the events which give rise to the Plaintiff's claims took place in Orleans County, which is located in the Western District of New York.

## PARTIES

4. Plaintiff Mr. Robertson is an adult individual, who is a resident and domiciliary of Orleans County, NY. At all times relevant to this Complaint, Mr. Robertson was an "employee" of Defendants, as that term is defined by the FLSA and NYLL.

5. Defendant RTC is a construction company organized under and by virtue of the laws of the State of New York, with its principal business located at 14103 Kendrick Road, Waterport, Orleans County, NY, 14571. At all times relevant to this Complaint, RTC was Plaintiff's "employer," as that term is defined the FLSA and NYLL.

6. Defendant Mr. Truesdell is the owner and chief proprietor of RTC. Mr. Truesdell resides at 14103 Kendrick Road, Waterport, Orleans County, NY 14571. Mr. Truesdell: (1) participates in the RTC's daily business operations; (2) is responsible for making all personnel decisions, such as hiring and firing decisions; and (3) is responsible for setting the RTC's payroll policies, including the unlawful payroll practices complained of herein. At all times relevant to

this complaint, Mr. Truesdell was Plaintiff's "employer," as that term is defined the FLSA and NYLL.

## FACTUAL ALLEGATIONS

7. In July 2013, Plaintiff began working for Defendants as a manual laborer and construction worker.

8. Plaintiff worked for Defendants, on and off, until Plaintiff was terminated from employment in March 2017. Specifically, over the last several years, Plaintiff worked for Defendants during the following time periods: (a) July 2013 to December 2013; (b) April 2014 to December 2014; (c) April 2015 to December 2015; and (d) April 2016 to March 6, 2017.

9. Over the course of his employment with Defendants, Plaintiff proved himself to be a hard-working, skilled, and dedicated worker.

10. On a daily basis, Plaintiff worked with, and under the direct supervision of Mr. Truesdell. As sole owner of the business, Mr. Truesdell was responsible for establishing the Company's payroll policies and practices.

11. At no point during his employment for Defendants was Plaintiff ever provided with a notice of pay rate, as is required by the NYLL.

12. At no time during his employment with Defendants was Plaintiff ever provided with accurate earning statements as required by the NYLL, indicating, among other things, a breakdown of hours worked, his regular rate and overtime rate, gross and net wages, and any deductions taken by Defendants.

13. Over the course of his employment, Plaintiff typically worked six days per week. Specifically, Plaintiff worked Monday to Friday, from 7:00 A.M. to 5:00 P.M., and Saturdays from 9:00 A.M. to 1:00 P.M. Plaintiff was never given a lunch break.

14. Given his schedule, Plaintiff regularly worked approximately 54 hours each week.

15. Each week, Plaintiff would fill out and submit a timesheet which accurately reflected all hours worked.

16. Plaintiff would customarily be paid on Monday of each week. Specifically, Plaintiff would receive an envelope filled with cash purportedly covering the hours he worked the prior week.

17. Generally, Plaintiff was paid a flat, straight time rate of $16.00 per hour for purportedly all hours worked, including for all hours over 40 in a given work week.

18. Over the course of his employment for Defendants, Plaintiff was never paid at a rate of one and one-half times his regular rate of pay for hours in excess of 40 worked in a workweek, as is required by the FLSA and NYLL.

19. In addition, there were numerous weeks in which Plaintiff did not even receive the straight time pay that he was entitled to receive for all for hours worked. On many occasions, the cash envelopes were "short" the straight time wages that were owed.

20. On such occasions Plaintiff would sometimes complain to Defendants about not receiving compensation for all of his hours worked.

21. In response, Mr. Truesdell told Mr. Robertson that Defendants did not have enough money to pay him anything additional and that he should stop complaining or he would find himself without a job.

22. Mr. Robertson was, indeed, concerned that Defendants would terminate him if he continued to make requests to be paid properly.

23. Unfortunately, Defendants continued to not pay Mr. Robertson for all hours worked, typically "shorting" him up to 5-14 hours of work per week.

4

24. Moreover, Defendants continued to never pay Mr. Robertson overtime compensation for all hours worked in excess of 40 in a work week.

25. On February 2, 2017, Plaintiff spoke with an attorney about Defendants' failure to properly compensate him and other RTC employees in accordance with the law. In addition, during the weeks of February 6, 2017 and February 13, 2017, several of Plaintiff's co-workers spoke with the same attorney about Defendants' violations of applicable laws.

26. During the week of February 20, 2017, Plaintiff's co-workers told Mr. Truesdell that Plaintiff had spoken to an attorney about Defendants' failure to abide by applicable laws, and that he had encouraged them to do so as well.

27. In addition, that week, Plaintiff himself specifically informed Mr. Truesdell that he was not paying employees properly, and that he was speaking with an attorney about his rights.

28. In response, Mr. Truesdell told Mr. Robertson that he was no longer allowed to work his regular schedule and that he was being placed on "standby" and should go home and wait for Mr. Truesdell to call him before coming back to work.

29. Mr. Truesdell never called Mr. Robertson back to work and never allowed him to return to RTC.

30. On February 28, 2017, Plaintiff's attorney sent a letter to Mr. Truesdell via Certified Mail, setting forth the claims asserted in this Complaint. The letter specifically states that Defendants are in violation of the FLSA and NYLL.

31. On March 6, 2017, Defendants terminated Plaintiff from employment.

32. Specifically, Mr. Truesdell told Plaintiff "I no longer have any work for you." When Plaintiff asked Mr. Truesdell why he suddenly had no work for him, Mr. Truesdell responded sarcastically by stating, "Well, jeez I wonder why."

33. Plaintiff asked if his termination was due to him speaking with an attorney and requesting that he be paid properly. Mr. Truesdell responded that he had warned Mr. Robertson previously about making such complaints and that he did not need someone stirring up trouble for him.

34. Prior to him being placed on standby and then terminated, Defendants had never expressed any concern to Plaintiff about his work performance.

35. Mr. Truesdell's comments and actions clearly show that Plaintiff's work hours were eliminated and he was ultimately terminated because he complained about Defendants' unlawful payment policies and practices.

## FIRST CAUSE OF ACTION
## FAIR LABOR STANDARDS ACT – UNPAID OVERTIME
### (Against All Defendants)

36. At all relevant times, Defendants had gross revenues in excess of $500,000.

37. At all relevant times, Defendants were employers engaged in interstate commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

38. At all relevant times, Defendants had employed Plaintiff within the meaning of the FLSA.

39. At all relevant times, Defendants had a willful policy and practice of not paying Plaintiff time and one-half his regular rate of pay for all hours worked in excess of 40 in a work week, in violation of the FLSA, 29 U.S.C. §§ 201, *et seq.*

40. Plaintiff had complained and put Defendants on notice that their compensation policies and practices are unlawful.

41. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

42. Due to Defendants' FLSA violations, Plaintiff is entitled to recover from the Defendants: compensation for unpaid overtime wages; an additional equal amount as liquidated damages; and reasonable attorneys' fees, costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

**SECOND CAUSE OF ACTION**
**NEW YORK LABOR LAW – UNPAID OVERTIME**
**(Against All Defendants)**

43. Plaintiff was employed by Defendants within the meaning of the NYLL.

44. At all relevant times, Defendants had a willful policy and practice of not paying Plaintiff time and one-half his regular rate of pay for all hours worked in excess of 40 in a work week, in violation of the NYLL Article 6 §§ 190, *et seq.*, Article 19 §§ 650, *et seq.*, and the supporting New York State Department of Labor Regulations.

45. Defendants' violations of the NYLL are willful and intentional since, among other reasons, Plaintiff had complained to Defendants and put them on notice that their compensation policies and practices are unlawful.

46. Due to the Defendants' violations of the NYLL, Plaintiff is entitled to recover from Defendants: compensation for unpaid wages; an additional equal amount as liquidated damages; and reasonable attorneys' fees, costs and disbursements of this action, pursuant to NYLL §§ 198 and 663 and supporting New York State Department of Labor Regulations

**THIRD CLAIM FOR RELIEF**
**NEW YORK LABOR LAW – UNPAID WAGES VIOLATIONS**
**(Against All Defendants)**

47. Pursuant to NYLL § 191, Plaintiff was required to be paid ***all wages*** owed "not less frequently than semi-monthly."

48. Defendants violated NYLL § 191 by constantly failing to pay Plaintiff for all time worked and never paying him overtime compensation as required by law.

49. For example, Mr. Robertson routinely worked 54 hours per week but Defendants commonly paid him $16 per hour for only 40 to 45 hours of work and never paid him overtime compensation.

50. Defendants' violations of the NYLL are willful and intentional since, among other reasons, Plaintiff had complained to Defendants and put them on notice that their compensation policies and practices are unlawful.

51. As a result of the Defendants' willful failure to pay wages to Plaintiff, Defendants have violated, and continue to violate, NYLL § 191.

52. Due to the Defendants' violations of the NYLL § 191, Plaintiff is entitled to recover the following from the Defendants: compensation for unpaid wages; an additional equal amount as liquidated damages; prejudgment interest; and reasonable attorneys' fees, costs and disbursements of this action, pursuant to NYLL § 198.

### FOURTH CLAIM FOR RELIEF
### NEW YORK LABOR LAW – IMPROPER DEDUCTIONS FROM WAGES
**(Against All Defendants)**

53. NYLL § 193 forbids employers from making deductions from wages except in very specific circumstances, that are for the benefit of the employee, and only with the express written authorization by the employee.

54. Defendants violated NYLL § 193 by routinely making deductions from Plaintiff's wages.

55. Plaintiff never provided express written authorization for Defendants to make any deductions to his wages.

56. Defendants' deductions to wages were not made for the benefit of Plaintiff.

57. Defendants' deductions to wages were not made for any lawful reason articulated in NYLL § 193.

58. Defendants' violations of NYLL § 193 was willful and intentional.

59. Due to the Defendants' violations of the NYLL § 193, Plaintiff is entitled to recover the following from the Defendants: compensation for unpaid wages; an additional equal amount as liquidated damages; prejudgment interest; and reasonable attorneys' fees, costs and disbursements of this action, pursuant to NYLL § 198.

### FIFTH CAUSE OF ACTION
### NEW YORK LABOR LAW – WAGE NOTICE VIOLATIONS
**(Against All Defendants)**

60. Pursuant to NYLL § 195(1), Defendants were required to provide Plaintiff with a "Notice of Pay Rate" within the first ten days of his employment, and on or before February 1st of each year, listing detailed information as specified in the statute.

61. Defendants are also required to maintain signed and dated acknowledgements of the receipt of such Notices for at least six (6) years.

62. Defendants have never provided any such Notices to Plaintiff.

63. Plaintiff has never signed or acknowledged the receipt of any such Notices because none have ever been provided to him.

64. Defendants' failure to provide such Notices was willful and intentional.

65. As a result, Defendants are liable to Plaintiff for statutory damages as set forth pursuant to NYLL § 198, plus liquidated damages, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest, as provided for by the NYLL.

## SIXTH CAUSE OF ACTION
## NEW YORK LABOR LAW – EARNING STATEMENTS VIOLATIONS
**(Against All Defendants)**

66. Pursuant to NYLL § 195(3), Defendants were required to furnish Plaintiff with accurate earning statements "with every payment of wages," detailing specific information as set forth in the statute.

67. Defendants customarily paid Plaintiff in cash and did not provide him with any earning statements with his payment of wages.

68. Moreover, had Defendants provided any earning statements, such statements would not be accurate as they would not accurately reflect, among other things, the overtime rate of pay, the number of regular hours worked, and the number of overtime hours worked in the pay period.

69. Defendants' failure to furnish accurate earning statements has occurred on at least 25 separate occasions.

70. Defendants' failure to furnish such earning statements was willful and intentional.

71. As a result, Defendants are liable to Plaintiff for statutory damages as set forth pursuant to NYLL § 198, plus liquidated damages, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest, as provided for by the NYLL.

## SEVENTH CAUSE OF ACTION
## FAIR LABOR STANDARDS ACT– RETALIATION
**(Against All Defendants)**

72. Defendants terminated Plaintiff from employment because Plaintiff complained about Defendants' failure to properly compensate him in accordance with Federal law. As a result, Defendants unlawfully retaliated against Plaintiff, in violation of 29 U.S.C. § 215(a)(3).

73. Based on the foregoing violation, Plaintiff is entitled to recover from Defendants lost compensation, back pay, front pay, emotional damages, liquidated damages, reasonable attorneys' fees, costs, and disbursements of the action.

### EIGHTH CAUSE OF ACTION
### NEW YORK LABOR LAW – RETALIATION
(Against All Defendants)

74. Defendants terminated Plaintiff from employment because Plaintiff complained about Defendants' failure to properly compensate him in accordance with New York State law. As a result, Defendants unlawfully retaliated against Plaintiff, in violation of NYLL § 215.

75. Based on the foregoing violation, Plaintiff is entitled to recover from Defendants a statutory penalty of $20,000, lost compensation, back pay, front pay, emotional damages, liquidated damages, reasonable attorneys' fees, costs, and disbursements of the action.

### PRAYER FOR RELIEF

**WHEREFORE,** the Plaintiff demands judgment against the Defendants for all compensatory, emotional, psychological and punitive damages, lost compensation, front pay, back pay, liquidated damage, injunctive relief, and any other damages permitted by law pursuant to the above referenced causes of action. It is respectfully requested that the Court grant the Plaintiff any other relief to which he is entitled, including but not limited to:

A. Awarding reasonable attorneys' fees and the costs and disbursements of this action; and

B. Granting such other and further relief that to the Court seems just and proper.

### DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the complaint.

Dated: New York, New York
April 10, 2017

**FARUQI & FARUQI, LLP**

By: */s/ Innessa S. Melamed*
Innessa S. Melamed
685 Third Ave., 26th Floor
New York, NY 10017
Telephone: (212) 983-9330
Facsimile: (212) 983-9331

**TILTON BELDNER LLP**
Joshua Beldner (*pro hac vice* forthcoming)
626 RXR Plaza
Uniondale, NY 11556
Telephone: (516) 262-3602
Facsimile: (516) 324-3170

***Attorneys for the Plaintiff***

## VERIFICATION

I, Mark Roberston, declare as follows:

I am a named plaintiff in this action and a citizen of the State of New York. I have personal knowledge of the facts herein and if called as a witness, I could and would testify competently thereto. I was employed by the Defendant off and on from July 2013 through my termination on March 6, 2017.

This is a proper place for trial pursuant to 28 U.S.C. § 1391 because: (1) the Defendants are located in Orleans County, New York, which is located in the Western District of New York, and (2) the events which give rise to the Plaintiff's claims took place in Orleans County, which is located in the Western District of New York.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on April 6, 2017 at __Medina__, New York.

_____
Mark Robertson